NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD PAUL MCKEAN, | ) | No. C 08-02450 JF (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| JAMES A. YATES, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**BACKGROUND**

Petitioner was convicted by a jury in Santa Clara County Superior Court of second degree murder. On January 26, 2004, the trial court sentenced Petitioner to a term of forty years to life in state prison. Petitioner appealed the matter, and the California Court of Appeal affirmed the conviction on August 29, 2006. The California Supreme Court denied the petition for review on December 20, 2006. Petitioner sought a petition for a writ of certiorari from the United States Supreme Court, which denied the petition on

May 14, 2007.

Petitioner filed the instant federal habeas petition on March 13, 2008.

## DISCUSSION

A.    <u>Standard of Review</u>

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.    <u>Petitioner's Claims</u>

Petitioner alleges the following claims for federal habeas relief: (1) the trial court gave improper instructions that "diluted the law of self-defense" in violation of due process, (Pet. 1.); (2) the trial court gave improper instructions that "diluted the law of imperfect self-defense" in violation of due process, (Pet. 8.); (3) the trial court gave improper instructions on the "legal concept of self-defense by an aggressor" in violation of due process, (Pet. 12.); (4) the trial court gave "erroneous and incomplete instructions on imperfect self-defense" in violation of due process, (Pet. 15.); (5) prosecutorial misconduct involving "a significant misstatement of the law during closing arguments," (Pet. 19.); (6) "discovery violations and new evidence as to issues pertaining to the credibility of a key prosecution witness," (Pet. 28.); and (7) cumulative error. Liberally construed, Petitioner's claims are sufficient to require a response. The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1.    The Clerk shall serve by mail a copy of this order and the petition and all

1  attachments thereto upon Respondent and Respondent's attorney, the Attorney General of
2  the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

3  2. Respondent shall file with the Court and serve on Petitioner, within **sixty**
4  **(60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of
5  the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus
6  should not be granted.  Respondent shall file with the answer and serve on Petitioner a
7  copy of all portions of the state criminal proceedings that have been transcribed
8  previously and that are relevant to a determination of the issues presented by the petition.

9  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
10  with the Court and serving a copy on Respondent within **thirty (30) days** of the date the
11  answer is filed.

12  3. Respondent may file a motion to dismiss on procedural grounds in lieu of
13  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
14  Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file
15  with the court and serve on Respondent an opposition or statement of non-opposition
16  within **thirty (30) days** of the date the motion is filed, and Respondent shall file with the
17  Court and serve on Petitioner a reply within **fifteen (15) days** of the date any opposition
18  is filed.

19  4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
20  the Court and all parties informed of any change of address by filing a separate paper
21  captioned "Notice of Change of Address."  Petitioner must comply with the Court's
22  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
23  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

24  IT IS SO ORDERED.

26  DATED: _7/25/08_____           _____
27                                            JEREMY FOGEL
                                              United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.08\McKean02450_osc.wpd             3